**E. Barbara SNYDER, deceased, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 94–58V.

United States Court of Federal Claims.

Filed Under Seal Jan. 9, 2006.[1]

Reissued: Jan. 24, 2006.

Ronald Craig Homer, Conway, Homer & Chin–Caplan, P.C., Boston, MA, for Petitioner.

Linda S. Renzi, United States Department of Justice, Torts Branch, Civil Division, Washington, DC, for Respondent.

### MEMORANDUM AND ORDER

WHEELER, Judge.[2]

This case is before the Court on Petitioner's November 14, 2005 Motion for Substitution of a Representative, and Respondent's November 23, 2005 Motion to Dismiss. The Petitioner, E. Barbara Snyder, died while her claim for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa–1 *et seq.* ("the Vaccine Act"), was pending before the Court. Petitioner's counsel has asked the Court to substitute as a party the legal representative of Ms. Snyder's estate appointed by the Register of Wills in Delaware. Respondent contends that Petitioner failed to comply with Rule 25(a)(1) of the Rules of the Court of Federal Claims ("RCFC") by not providing a legal representative for Ms. Snyder's estate within the required time. For the reasons stated below, the Court grants Petitioner's Motion for Substitution of a Representative, and denies Respondent's Motion to Dismiss.

### Background

Barbara Snyder filed her Vaccine Act petition at the Court of Federal Claims on January 31, 1994. Ms. Snyder's claim is based upon injuries alleged to have been caused by a measles, mumps and rubella ("MMR") vaccine administered to her on February 10, 1992, when Ms. Snyder was age 45. The Special Master denied Ms. Snyder's claim in a Decision dated May 6, 2005. While the eleven years between the filing of the peti-

---

1. This Memorandum and Order was issued under seal on January 9, 2006. Pursuant to Rule 18(b) of this Court's Vaccine Rules, the parties have been afforded 14 days in which to object to the public disclosure of certain information contained herein. Because the Court has received no requests for redactions, the Court publishes this Memorandum and Order *in toto.*

2. This case was transferred to Judge Thomas C. Wheeler on December 7, 2005, pursuant to Rule 40.1(b) of the Rules of the Court of Federal Claims.

tion and the Special Master's Decision is contrary to the intent of the Vaccine Act to provide "expeditious" resolution of petitions, 42 U.S.C. § 300aa–12(d)(2)(A), the duration of the case is not germane to the pending motions.[3] Petitioner's counsel filed a Motion for Review of the Special Master's Decision on June 6, 2005.

On July 25, 2005, Petitioner's counsel notified the Court by telephone that Ms. Snyder had died on April 28, 2005. The following day, July 26, 2005, Judge Charles F. Lettow of this Court requested Petitioner's counsel to file a statement of the fact of death in accordance with RCFC 25. On August 15, 2005, Petitioner's counsel filed a Statement of the Fact of Death, along with a copy of the State of Delaware Death Certificate for Ms. Snyder. On August 16, 2005, pursuant to RCFC 25(a)(1), Judge Lettow directed that a motion for substitution of a successor or representative should be made by November 14, 2005. Petitioner's counsel filed such a motion on November 14, 2005, explaining that a proposed legal representative for Petitioner had been identified, but that such representative still needed to be approved under Delaware probate procedures.[4]

On November 23, 2005, Respondent answered Petitioner's motion and moved to dismiss Petitioner's claim on the grounds that Petitioner had failed to comply with RCFC 25(a)(1), and that no "legal representative" existed to continue pursuit of the claim under the Vaccine Act, 42 U.S.C. § 300aa–11(b)(1)(A). In essence, Respondent argues that counsel for Petitioner is not a "legal representative," and that counsel had not timely moved for substitution within 90 days from the suggestion of Petitioner's death, as required by RCFC 25(a)(1). Respondent's Motion at 2. By not offering a successor or legal representative within 90 days, Respondent states that "[P]etitioner's motion can be considered nothing more than a request for

an extension of time within which to comply with Rule 25(a)(1), not a Motion for Substitution of a Representative." *Id.*

On December 13, 2005, the Court conducted a telephone status conference with counsel for the parties to learn of the efforts being made to have a successor or legal representative appointed in Delaware for Petitioner. Pursuant to the Court's request, Petitioner's counsel notified the Court on December 29, 2005 that Dory Zatuchni, a member of an organization known as Jewish Family Services, had been appointed Executrix of Petitioner's estate, effective December 20, 2005. Counsel provided a copy of the "Authority to Act as Personal Representative (Letters)," signed by the Register of Wills, New Castle County, Delaware. As a result of this filing, the Petitioner's estate is properly represented in accordance with the law of Delaware where the Petitioner resided before her death. However, this action was not taken within 90 days of the suggestion of death, or within 90 days of the Court's August 16, 2005 Order. The question presented is whether Petitioner's Motion for Review of the Special Master's May 6, 2005 Decision should be dismissed for failure to comply with the 90–day requirement in RCFC 25(a)(1).

### Discussion

RCFC 25 governs the substitution of parties in an action before this Court. RCFC 25(a)(1) provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and shall be served as provided in RCFC 5. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a

---

**3.** The Vaccine Injury Compensation Amendments of 1991, Pub.L. No. 102–168, 105 Stat. 1102 (Nov. 26, 1991) amended Section 12(g)(2) to require notice to a petitioner when the Court of Federal Claims fails to enter a judgment on a petition within 420 days, exclusive of suspension and remand periods. This order constitutes notice to Petitioner pursuant to Section 12(g)(2), as amended.

**4.** According to Petitioner's counsel, Ms. Snyder's will had named a friend to be the legal representative of Ms. Snyder's estate, but for health reasons, this person declined to serve. Ms. Snyder's will did not name any alternate representative.

statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

In providing that the motion for substitution "may be made by any party or by the successors or representatives of the deceased party," *id.*, the rule must be interpreted to include the counsel who was representing the deceased party before this Court. Counsel may reasonably be regarded as a "representative" of the deceased party. In the circumstances before us, it is difficult to imagine a more logical "representative" of Ms. Snyder than the lawyer who was representing her while the case was pending in this Court. By using the plural "representatives," Rule 25(a)(1) contemplates that there can be multiple persons, such as an executor, a guardian, or a lawyer to name a few, who would be eligible to submit an appropriate substitution motion to the Court.

With regard to the 90–day requirement in Rule 25(a)(1), both parties have cited *Acebal v. United States*, 60 Fed.Cl. 551 (2004). In that case, in considering a motion to substitute, this Court stated that Rule 25 "contemplates merely that a motion will be filed within 90 days, irrespective of whether it could be contested successfully on the merits." *Id.* at 554. The ruling in *Acebal* is supported by the plain language of Rule 25, where it states in paragraph (a)(1) that the motion for substitution must be "made" within 90 days, not that the successor or representative be appointed or approved within 90 days.

Even if the 90–day requirement in Rule 25(a)(1) could be interpreted as Respondent has asserted, (*i.e.*, that the successor or representative of the deceased party must be named and approved within 90 days after death or the suggestion of death), the Court declines to interpret Rule 25 so narrowly as to warrant dismissal of Petitioner's Motion for Review of the Special Master's Decision. Counsel for Petitioner did file the requisite motion to substitute within 90 days of the Court's August 16, 2005 Order. Even though the substitution of a legal representative in Delaware had not yet been perfected, counsel nevertheless acted in a timely manner. This Court and the deceased party's counsel would have little, if any, control over the pace of the probate proceedings in Delaware. In the words of the Court in *Acebal*, we decline to follow the "rather draconian suggestion" that the Petitioner should lose her claim simply because the Delaware appointment of a legal representative had not been perfected within 90 days. *Id.* Consistent with *Acebal*, this Court accepts Petitioner's Motion for Substitution as timely submitted.

The appointment of Dory Zatuchni of Jewish Family Services as legal representative of Ms. Snyder's estate in Delaware, effective December 20, 2005, satisfies the requirements for a substitute party under Rule 25. Petitioner's Motion for Substitution of a Representative is granted, and Respondent's Motion to Dismiss is denied. The Clerk of the Court shall amend the caption of this case so that the Petitioner is henceforth described as follows: "DORY ZATUCHNI, Executrix of the Estate of E. BARBARA SNYDER, deceased."

IT IS SO ORDERED.