**Michael Dan KENNEDY, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–1009V.

United States Court of Federal Claims.

March 17, 2011.

Andrew D. Downing, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, OK, for petitioner's mother, Martha Kennedy.

Michael P. Milmoe, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General Tony West, for respondent.

**ORDER**

ALLEGRA, Judge:

On March 10, 2011, this court issued an order granting petitioner's mother leave to submit an affidavit supporting an application to have her appointed petitioner's "next friend" under RCFC 17(c)(2). On March 14, 2011, petitioner's sister filed a response to the court's order in which she instead claimed "next friend" status. The response was supported by an affidavit reflecting, *inter alia*, that: (i) petitioner is mentally incompetent; (ii) he is cared for by his sister; (iii) petitioner has no legal guardian; and (iv) petitioner's sister has no conflicts of interest

that would preclude her from pursuing her brother's best interests in this case. On March 16, 2011, defendant filed an objection to the response, claiming that the Vaccine Act prohibits the court from exercising its appointment authority under RCFC 17(c).

The court finds defendant's argument wholly unpersuasive. Defendant is correct that the Vaccine Act contains requirements as to who may *file* a petition—and, indeed, the court referenced those requirements in its March 10, 2011, order. *See* Order of March 10, 2011, at 1 n. 1 (citing 42 U.S.C. § 300aa–11(b)(1)(A)).[1] Those requirements were satisfied here when petitioner's parents filed a petition on his behalf while he was still a minor. The Vaccine Act, however, contains no requirements as to who may *prosecute* a case on behalf of a petitioner who, after the case is properly filed, obtains majority status. Defendant conveniently skips over this point in contending that petitioner must seek formal appointment of a guardian under the laws of the State of Oklahoma in order to pursue his claims here. What little authority there is on this point, indeed, suggests to the contrary. *See, e.g., Snyder v. Health and Human Servs.*, 69 Fed.Cl. 390, 391–92 (2006), *aff'd*, 516 F.3d 1312 (Fed.Cir.2008) (holding that the substitution rules of RCFC 25 apply to vaccine cases and rejecting respondent's "draconian suggestion" to the contrary).

Defendant may be willing to overlook this gap in its argument; the court is not. Given the ameliorative purposes of the Vaccine Act, *see* H.R. Rep. 99–908, at 12, 1986 U.S.C.C.A.N. 6344, 6353 (1986), it is highly unlikely that Congress intended to deny petitioners under the Vaccine Program the use of a Federal procedural mechanism available to all other incompetent persons who lack a "duly appointed representative"—a mechanism that has been a feature of the Federal Rules since their adoption in 1937. *See*

---

1. This subparagraph provides that—
    any person who has sustained a vaccine-related injury, the legal representative of such person if such person is a minor or is disabled, ... may ... file a petition for compensation under the Program.
    42 U.S.C. § 300aa–11(b)(1)(A).

2. Defendant's contrary argument seems odd in a case in which it is arguing, on the merits, that

RCFC 17(c)(2); Fed.R.Civ.P. 17(c)(2); Fed. R.Civ.P. 17, advisory comm. notes (1937). Indeed, while defendant insists that the court apply Oklahoma law in deciding who may further prosecute this case, it apparently overlooks the fact that the Oklahoma Pleading Code also authorizes the appointment of a "next friend" in the circumstances of this case. *See* 12 Ok. St. Ann. § 2017 (2010); *see also Bernhardt ex rel. Bernhardt v. Sec'y of Health and Human Servs.*, 82 Fed.Cl. 287, 290–91 (2005) (allowing a non-custodial parent to file a Vaccine petition as a "next friend" under Maryland law). It would seem then that, one way or the other, the court is authorized to grant the petitioner's sister the status she seeks.[2]

Accordingly, the court holds that the requirements of RCFC 17(c)(2) are fully satisfied, and it hereby appoints Melissa Kennedy as Michael Kennedy's "next friend" for purposes of further prosecution of this matter.

**IT IS SO ORDERED.**

---

petitioner's parents were authorized to continue to pursue this action after petitioner became an adult. It is difficult to see how latter proposition can be reconciled with defendant's cramped construction of the Vaccine Act. Perhaps an explanation of this inconsistency is forthcoming, but, for the moment, defendant's positions seem a bit opportunistic.